Dear Mayor Lagneaux:
You advise this office that the Town of Duson is a Lawrason Act municipality, governed by the provisions of R.S. 33:321, et seq. The town has an elected chief of police, who is subject to the provisions of R.S. 33:423, which state:
§ 423. Duties of marshal
The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by theprovisions of this Part, R.S. 33:321 et seq., which have a chiefof police elected by the qualified voters thereof, he shall makerecommendations to the mayor and board of aldermen for appointmentof police personnel, for the promotion of officers, to effectdisciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
The provisions of Subsection A of this Section shall not be construed or limit or restrict the provisions of R.S. 33:423.3. (Emphasis added).
According to R.S. 33:423 quoted above, the chief of police is required to give his recommendation to the mayor and board of aldermen concerning proposed disciplinary against police personnel. You advise that recent events involving certain police department personnel have occurred which has prompted written correspondence from the chief of police directed to you in your capacity as mayor. You ask if the contents of the letter are sufficient to meet the mandatory recommendation requirements imposed upon the chief by R.S. 33:423.
We have reviewed the letter, and note that the chief of police advises in every personnel instance that "no disciplinary or corrective action . . . . is justified or warranted." It is the opinion of this office that the chief has in fact given his recommendation, in compliance with the law. It is now incumbent upon the Town of Duson to reject or accept, in whole or in part, the chief's recommendation. The municipality may take its own action, as indicated by recent Louisiana Supreme Court ruling. See Grant vs. Grace, 870 So.2d 1011 (La. 2004), copy attached.
We hope the foregoing is helpful to you. Should you have other questions or concerns, please contact this office.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams